No. 33,161

THE WHEELER KELLY HAGNY TRUST COMPANY, as Trustee, *Appellee*, v. H. H. GREEN, *Appellant*.

(64 P. 2d 38)

Opinion filed January 23, 1937.

*E. W. Grant,* of El Dorado, for the appellant.

*B. F. Alford,* of Wichita, and *L. J. Bond,* of El Dorado, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action in ejectment for the possession of 2,354 acres of ranch land in Butler county, and in a second count for rents. The trial court directed a verdict for plaintiff, and defendant has appealed.

The record discloses the following: Plaintiff held the legal title to the real property in question as trustee under a written agreement and declaration of trust for certain beneficiaries whose interests were evidenced by trust certificates issued to them. There were ninety units of these trust certificates, and the declaration of trust provided the trustee could not sell the property for a sum insufficient to pay the holder of each unit $500 plus interest at eight percent since the payment of the last dividend, over the objection of twenty-five percent of the holders of such units.

Under date of March 29, 1934, plaintiff executed to defendant a written lease for the property for one year, beginning March 1, 1934, and ending February 28, 1935, for which defendant agreed to pay as rent the sum of $1,412.40 on or before November 15, 1934. Defendant went into possession of the property under the lease soon after the date thereof.

Thereafter and on June 13, 1934, plaintiff and defendant entered into an agreement in writing by which defendant was to undertake to get a loan on the property from the Federal Land Bank at Wichita for as much as $40,000 and by which contract apparently plaintiff contemplated selling the property to defendant for the sum of $32,000 if he could not get a larger loan upon it, and if the loan were less than that sum to take a second mortgage from him for the difference. Among other things it provided if defendant paid the interest on such loan and taxes on the premises he was to have the income from the property for the year 1934. This contract was pleaded and relied upon by defendant as a defense to plaintiff's action for possession and for rents.

Defendant knew from recitals in the lease of March 29, and in the instrument of June 13, the nature of plaintiff's title, and by a letter from plaintiff of May 7 that the consent of the unit holders to the instrument of June 13 would have to be obtained, and he could have learned of all of the provisions of the declaration of trust had he so desired. The tentative arrangement plaintiff was attempting to make with defendant by the instrument of June 13

could not be carried out if as many as twenty-five percent of the unit holders objected. Plaintiff submitted this tentative proposition to the unit holders and more than fifty percent of them objected. Defendant made an application for a federal loan, but on being informed he would have to deposit an examination fee of $35 he took no further steps toward procuring the loan; therefore no mortgage such as was contemplated by the instrument of June 13 was ever executed. He paid no interest on such a mortgage and he paid no taxes upon the property. Upon these facts the trial court was of the opinion that the instrument of June 13, 1934, constituted no defense to plaintiff's action. We concur in that view.

In this court appellant argues the terms of the instrument of June 13. We agree with counsel it lacks much in definiteness; that many of its provisions are open to construction. However, we are concerned with its terms only to see if it constitutes a defense to plaintiff's action. On that point we are confident it does not. We need not inquire what other merit, if any, it has.

The judgment of the court below is affirmed.